IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW JAMES GREEN,

   Plaintiff,

v.                                    Civil Action No.: SAG-22-2823

MARILYN BENTLEY,

   Defendant.

**MEMORANDUM OPINION**

Self-represented plaintiff Andrew James Green filed the above referenced complaint against Marilyn Bentley, Clerk of the Circuit Court for Baltimore City, Maryland, invoking this court's federal question jurisdiction. ECF 1. Green seeks leave to proceed in forma pauperis. ECF 2. Based on the information Green provides, he appears to be indigent. Green's Motion is therefore granted. *See* 28 U.S.C. § 1915(a)(1) (authorizing courts to allow indigent parties to proceed "without prepayment of fees").

28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants). Because Green is proceeding *in forma pauperis*, the court must screen the complaint to determine if the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts

on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Green states in support of his claim that he "rejected the offer at district court, asked for it be sent downtown and they forced the decision on me." ECF 1 at 4. Attached to the complaint is a "Stet Notice" issued by Defendant advising Green that his criminal case (Case No. 822194003) was indefinitely postponed and any questions regarding the disposition of the criminal charge should be directed to the State's Attorney Office. ECF 1-2.[1]

---

[1] Green subsequently filed letters with the court that were docketed as supplements to the complaint. The letters appear to be identical filings and contain claims about his involuntary hospitalization at Johns Hopkins Hospital for mental health treatment. ECF 5 and 6. If Green believes his rights were violated during his hospitalization he may file a new

Here, complaint, even construed liberally, cannot provide any basis for relief. In Maryland, the entry of a stet signified that the state has decided not to proceed against the accused at that time. *Maryland v. Meade,* 647 A.2d 830, 839 (1994) (citations omitted), *cert denied,* 652 A.2d 669 (1995). However, a stet cannot be entered over the objection of the accused, and on his own motion, the accused can have the case removed from the stet docket for up to a year and after that can request that the court remove it. *Id.* at 840. It is the prosecuting attorney that directs the case be placed on the stet docket. *Id.* Review of the Maryland Judiciary Case Search[2] website indicates that Green did not file any objection to the case being placed on the stet docket at the time the decision was made, and, as indicated, he may still request the case be removed from the stet docket. Here, it appears that Defendant simply fulfilled her clerical duty of issuing a notice that the State's Attorney decided to place Green's case on the stet docket. Green has a remedy to challenge that decision by the State's Attorney.

Additionally, the Defendant is immune from suit. As to any official capacity claims, the Eleventh Amendment bars Green's claims. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from citizen suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. Accordingly, Defendant is immune from suit for actions taken in her official capacity.

---

civil rights complaint naming the appropriate Defendants and detailing those claims. Those claims will not be considered in the context of this case.

[2] https://casesearch.courts.state.md.us/casesearch/inquiry

Lastly, in her individual capacity, Defendant is entitled to absolute quasi-judicial immunity which "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994). This doctrine of absolute quasi-judicial immunity has been further adopted and extended to court support personnel because of "'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir.1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.1989)). To determine if quasi-judicial immunity applies, this court must consider: "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3) whether adequate procedural safeguards exist to protect against constitutional deprivations." *Howard v. Food Lion Inc.*, 232 F.Supp.2d 585, 594 (M.D.N.C. 2002) (citing *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999)). "[I]mmunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987), citing *Stump v. Sparkman*, 435 U.S. 349 (1978). As noted, Defendant simply issued a notice that the State's Attorney had decided not to pursue Green's criminal case and Green has avenues available to challenge that determination. Green's complaint cannot proceed.

      A separate order follows.

<u>June 9, 2023</u>  
Date

                              /s/  
                        Stephanie A. Gallagher  
                        United States District Judge